IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA     )    CRIMINAL NO.: 4:12-515
                      )
vs.                  )
                      )
                      )
CHRISTOPHER JERMAINE KOLLOCK   )
                      )

## PRELIMINARY ORDER OF FORFEITURE
## AS TO CHRISTOPHER JERMAINE KOLLOCK

1.     On June 26, 2012, a federal grand jury in this district returned a multi-count Indictment charging the Defendant, Christopher Jermaine Kollock ("Kollock", "Defendant"), with offenses related to drug trafficking, in violation of 21 U.S.C. § 841, and with federal firearms offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c).

2.     The Indictment provided that upon Kollock's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c). The forfeitable property is identified as follows:

Firearms/Ammunition

Smith and Wesson Model 586 .357 caliber revolver
S/N: ABT2608
Asset ID: 12-ATF-031282

3.    On November 28, 2012, Kollock pled guilty to Count 2 of the Indictment, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

4.    Based upon Kollock's conviction, and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture because Kollock was previously convicted of a crime punishable by imprisonment for a term exceeding one year, and may not legally possess firearms or ammunition. The court finds that Kollock has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

5.    The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Kollock has been convicted; therefore, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights.

6.    The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.    The below-described property, and all right, title and interest of Kollock in and to such property, is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n) governing potential third-party rights in such property:

Firearms/Ammunition

Smith and Wesson Model 586 .357 caliber revolver
S/N: ABT2608
Asset ID: 12-ATF-031282

2.    Upon entry, this order becomes final as to Kollock, and shall be made a part of his sentence and included in the criminal judgment;

3.    The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

4.    Upon entry of this Order, the United States Marshal's Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights;

5.    Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject

property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

6.     Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

7.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

8.     The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

9.     The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

10.     The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_Terry L. Wooten_

TERRY L. WOOTEN
CHIEF UNITED STATES DISTRICT JUDGE

_March 20_, 2013

Florence, South Carolina